UNITED STATES DISTRICT COURT       For Online Publication Only
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRETT JOHNSON,

     Plaintiff,

  -against-           **ORDER**
                  15-cv-03324 (JMA) (AYS)

NASSAU COUNTY; DETECTIVE JUAN GIRON,
FOURTH SQUAD; DETECTIVE ROBERT
NEMETH, FOURTH SQAUD; and DETECTIVE
JARRED TEPPERMAN OF THE 113 PRECINCT

     Defendants.
-------------------------------------------------------------X
**AZRACK, United States District Judge:**

  This action was filed by pro se plaintiff Brett Johnson on November 18, 2013 and was previously before Judge Seybert. An Amended Complaint was filed on February 24, 2014. On July 15, 2015, Magistrate Judge Anne Y. Shields held an initial conference and as part of a Scheduling Order agreed to by the parties, the Court ordered that plaintiff file a narrative statement laying out the facts which he anticipated presenting at trial, to which defendants would be required to respond and which would begin the discovery process in this matter. Plaintiff never filed a narrative statement.

  On September 6, 2016, the Court issued an order directing plaintiff to show cause by September 26, 2016 as to why this case should not be dismissed for failure to prosecute. The order warned that failure to respond may result in his claims being dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff failed to comply with this order.[1] On December 19, 2016, the Court issued another order directing

---

[1] Plaintiff did submit letters dated October 14, 2016 and November 30, 2016, which were returned to plaintiff by the Pro Se Office without docketing or consideration because plaintiff failed to serve the letters on the opposing parties.

1

plaintiff to show cause by January 25, 2017 as to why this case should not be dismissed for failure to prosecute. Plaintiff filed a letter on February 10, 2017, which was not responsive to either Order to Show Cause and which merely stated that plaintiff was ready to proceed with the case. Judge Shields held a status conference on May 24, 2017 at which plaintiff failed to appear. In the minute entry for the conference, Judge Shields ordered plaintiff to submit a letter to the Court, by June 14, 2017, stating why he failed to appear at the status conference. The minute entry also warned plaintiff that failure to do so may result in a Report and Recommendation to the District Court that the case be dismissed for failure to prosecute. Plaintiff never responded to this order and has not filed anything since February 10, 2017.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar and protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. <u>Shannon v. G.E. Co.</u>, 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. <u>Id.</u> Here, plaintiff has failed on numerous occasions to respond to the Court's directives. The Court has warned plaintiff that failure to respond would

---

ECF Nos. 47, 48.

result in the dismissal of his claims.

After considering the relevant factors identified above, the Court concludes that plaintiff's failure to comply with the Court's orders constitutes grounds for dismissal. Accordingly, plaintiff's claims are dismissed, without prejudice, for failure to prosecute and noncompliance. The Clerk of Court is directed to mail a copy of this Order to the pro se plaintiff and to close this case.

**SO ORDERED.**

Date:   December 14, 2017
        Central Islip, New York

                                                            /s/(JMA)
                                                    Joan M. Azrack
                                                    United States District Judge